UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

In re:

AUTO GOBBLER PARTS, INC.

Debtor.

------------------------------------------------------------------------X

Case No. 15-42814-ess
Chapter 7

### NOTICE OF MOTION FOR AN ORDER (i) APPROVING SALE BETWEEN THE TRUSTEE, AS SELLER AND AS AGENT FOR NON-DEBTOR SELLERS AND CAPTAIN HOLDINGS CORP., AS PURCHASER; (ii) AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, (iii) GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE JUST AND PROPER

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") will be held before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, United States Bankruptcy Court, 271 Cadman Plaza East, Room 3585, Brooklyn, New York 11201, on August 16, 2017 at 10:00 a.m., or as soon thereafter as counsel can be heard, at which time and place the Court will consider the application (the "Application") of Robert J. Musso ("Trustee"), as trustee of the estate of Auto Gobbler Parts, Inc. (the "Debtor"), and as agent for non-debtor parties, for an order <u>inter alia</u> (i) approving the terms and conditions of sale ("the "Terms & Conditions") dated July 10, 2017 between the Trustee, as Seller, and as agent for non-debtor parties, and Captain Holdings Corp., as Purchaser ("Purchaser"), dated July 10, 2017 and annexed as Exhibit A to the Application; (ii) authorizing the Trustee and the non-debtor parties to sell the real property known as Block 7932, Lots 181, 183, 197, 199, 201, 203, 206, 207, 208, 210, and 212 and located at East 56th Street and Preston Court, Brooklyn, New York, free and clear of any liens, claims and encumbrances, pursuant to sections 363(b) and 363(f) of title 11 of the United States Code, except as set forth in the Terms & Conditions, for the sum of $4,500,000.00, to Purchaser, or to such other person as shall submit a higher and better offer at the hearing on the Application, on the same terms as set forth in the Terms & Conditions and on such additional terms as may be announced by the Trustee and his court appointed auctioneer at the hearing on the Application; and (iii) granting the Trustee such other and further relief as may be just and proper, it is hereby

ORDERED, that objections to the Application and/or responsive papers, if any, must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed on or before August 9, 2017 with the Clerk of the Bankruptcy Court (with a copy to Chambers), and served so as to be received on or before August 9, 2017 at 1:00 p.m. by the attorneys for the Trustee, Rosenberg, Musso & Weiner, 26 Court Street, Suite 2211, Brooklyn, New York 11242, Attention: Bruce Weiner, Esq., the attorney for the Purchaser, Andrew Klapper, Esq., Klapper & Klapper, P.C., 888 Forest Avenue, Staten Island, New York 10310, the attorneys for the Serpico Family Parties, Gary Ravert, Esq., Ravert PLLC, 116 West 23rd Street, New York, New York 10011, and the attorneys for Preston Court Realty, Robert M. Sasloff, Robinson Brog Leinwand Greene Genovese & Gluck P.C., Parties with legal representation shall file with the court: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at https://ecf.nyeb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such party shall submit the response or objection in PDF format on a diskette in an envelope with the case name, case number and title of document: or (c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection on a diskette in either Word, Word Perfect, or DOS test (ASCII) format.

PLEASE TAKE FURTHER NOTICE, that the failure of any objecting person or entity receiving Notice to file an Objection thereto on a timely basis may be a bar to the assertion of any Objection to the Application.

Dated: Brooklyn, New York
July 18, 2017

ROSENBERG, MUSSO & WEINER, LLP
Attorneys for the Trustee

By: /s/

Bruce Weiner
26 Court Street, Suite 2211
Brooklyn, New York 11242
(718) 855-6840

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

In re:                                                                Case No. 15-42814-ess
                                                                      Chapter  7

      AUTO GOBBLER PARTS, INC.

              Debtor.

------------------------------------------------------------------------X

## TRUSTEE'S APPLICATION FOR AN ORDER (i) APPROVING SALE BETWEEN THE TRUSTEE, AS SELLER AND AS AGENT FOR NON-DEBTOR SELLERS AND CAPTAIN HOLDINGS CORP., AS PURCHASER; (ii) AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, (iii) GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE JUST AND PROPER

TO: THE HONORABLE ELIZABETH S. STONG,
    United States Bankruptcy Judge.

       The application ("Application") of Robert J. Musso ("Trustee"), as trustee of the estate of Auto

Gobbler Parts, Inc. (the "Debtor"), and as agent for non-debtor parties, for an order inter alia (i) approving

the terms and conditions of sale (the "Terms & Conditions") dated July 10, 2017 between the Trustee, as

Seller, and as agent for non-debtor parties, and Captain Holdings Corp., as Purchaser ("Purchaser"), dated

July 10, 2017 and annexed as Exhibit A to the Application; (ii) authorizing the Trustee and the non-debtor

parties to sell the real property known as Block 7932, Lots 181, 183, 197, 199, 201, 203, 206, 207, 208,

210, and 212 and located at East 56th Street and Preston Court, Brooklyn, New York (the "Entire

Property"), free and clear of any liens, claims and encumbrances, pursuant to sections 363(b) and 363(f)

of title 11 of the United States Code (the "Bankruptcy Code"), except as set forth in the Terms &

Conditions, for the sum of $4,500,000.00, to Purchaser, or to such other person as shall submit a higher

and better offer at the hearing on the Application, on the same terms as set forth in the Terms &

Conditions and on such additional terms as may be announced by the Trustee and his court appointed

auctioneer at the hearing on the Application; and (iii) granting the Trustee such other and further relief as

may be just and proper, respectfully states:

## BACKGROUND

1.    The Debtor filed a chapter 11 petition on June 15, 2015, and on March 17, 2016, this Court converted the Debtor's chapter 11 case to one under Chapter 7 of the Bankruptcy Code. After this Court converted the Debtor's case the Trustee was appointed and is serving as the duly qualified trustee of the Debtor's estate.

2.    As of the Filing Date, the Debtor and Joseph V. Serpico ("Joseph") owned the real property located at 5601-5621 Preston Court, Brooklyn, New York, and known as Block 7932, Lots, 181, 183, 197, 199, 201, 203, 206, and 212 (the "Adverse Possession Lots") as tenants in common. Joseph also was the owner of 100% of the issued and outstanding ownership of the Debtor.

3.    Javash Real Estate Corp., Javash Realty, LLC, and Javash Realty Corp. (the "Javash Entities"), Anthony Serpico, Heather Serpico, Vincent Serpico (the "Serpico Siblings") and (together the "Serpico Family Parties") are creditors and parties in interest in the Debtor's chapter 7 case and they own or control the following parcels that are contiguous to the Adverse Possession Lots: Block 7932, Lots 207, 208, and 210 (collectively the "Contiguous Lots"). The Serpico Family Parties filed six claims in this case, claim numbers 43, 44, 45, 46, 47, and 48 (collectively the "Serpico Family Claims").

4.    In July 2016, the Trustee filed an action pursuant to 11 U.S.C. §363(h) against Joseph to sell the Adverse Possession Lots. After the Trustee served the complaint, Joseph assigned his interest in the Adverse Possession Lots to Preston. The Trustee discussed settlement with Preston and the Serpico Family Parties, and after negotiations a settlement was reached. By orders dated November 10, 2016, the Court approved the settlement and authorized the Trustee to retain Maltz Auctions, Inc. ("Maltz") to sell the Adverse Possession Lots.

5.    In February 2017, the Trustee, Preston, and the Serpico Family Parties signed an Estate Settlement Term Sheet in which the Serpico Family Parties agreed to retain Maltz to sell the Contiguous Lots at the same time as it sells the Adverse Possession Lots. By order dated April 21, 2017, this Court approved the Settlement Term Sheet.

6.   After the Court approved the Settlement Term Sheet, Maltz scheduled an auction sale of the Entire Property for June 15, 2017, which as stated above consists of the Adverse Possession Lots and the Contiguous Lots. Maltz did its usual marketing, advertising the sale on its website and publicizing the sale by sending flyers and emails to the persons in its data base of real estate persons and persons who are known to Maltz to buy real estate. Despite Maltz's marketing and despite the presence of potential buyers, no person made a bid at the auction on June 15, 2017.

## THE SALE

7.   After the unsuccessful auction, a representative of Purchaser approached Maltz and said that he wanted to buy the Entire Property for $4,500,000.00. Thereafter, Purchaser signed the Terms & Conditions offering to buy the Entire Property for $4,5000,000.00 ("Purchase Price") and agreeing to pay Maltz 5% of the Purchase Price in addition to the Purchase Price for Maltz's commissions and agreeing to pay all closing costs, including transfer taxes. Purchaser gave the Trustee a deposit of $450,000.00. As set forth in the Terms & Conditions, the sale to Purchaser is subject to higher and better offers at the Sale Hearing on the same terms as set forth in the Terms & Conditions.   If Purchaser is the successful bidder it will pay the balance of the Purchase Price, pay all closing costs, including transfer taxes, and pay Maltz's 5% at the closing. The Terms & Conditions does not have a financing contingency and this is an all cash purchase. Any party wanting to make a higher and better offer at the Sale Hearing must also make an all cash offer. Purchaser states that it will be ready to close as soon as an order authorizing the sale is entered. The contract provides for a time of the essence date of no later than thirty (30) days after the Sale Hearing.

## ARMS LENGTH TRANSACTION

7.   The Debtor submits that the Terms & Conditions was the result of arms-length negotiations. Purchaser has no known connection with the Debtor, or its creditors.

8.  By this Application, the Trustee seeks the entry of an order:

(a)    approving the Terms & Conditions and authorizing the Trustee to enter into and consummate the Terms & Conditions;

(b)    pursuant to sections 363(b)(1) and 363(f) of the Bankruptcy Code, authorizing the Trustee to sell the Entire Property, free and clear of all liens, claims, encumbrances and interests, except as set forth in the Terms & Conditions, to the Purchaser or to such person that submits a higher and better offer at the Sale Hearing; and

(c)    granting the Trustee such other and further relief as may be just and proper.

## LEGAL BASIS FOR RELIEF REQUESTED

9.  The Bankruptcy Code provides in pertinent part that a trustee after notice and a hearing, may use, sell or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1).  The proposed sale is outside the ordinary course of its business.

10.  Section 363 does not articulate an express standard for determining whether a sale of property under section 363(b) should be approved; however, courts that have interpreted this section consistently apply an "articulated business judgment" standard.  See Stephen Indus., Inc., v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); In re Continental Airlines, Inc., 780 F. 2d 1223, 1226 (5th Cir. 1986); In re Lionel Corp., 722 F. 2d 1063 (2d Cir. 198); In re Walter, 83 B.R. 14, 17 (Bankr. 9th Cir. 1988); In re Channel One Communications, Inc., 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990); In re Ionosphere Clubs, Inc., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

11.  The Court of Appeals for the Second Circuit first enunciated this standard in by stating:

> The rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such application.

Lionel, 722 F. 2d at 1070-71 (emphasis added).

12. Section 363(b) does not require that the Court substitute its business judgement for that of a trustee or a debtor in possession. See., e.g. Ionosphere Clubs, 100 B.R. at 676, that a court will not substitute a hostile witness's business judgment for a debtor's unless testimony "established that the [debtor] had failed to articulate a sound business justification for its chosen course"). Rather, the Court should ascertain whether the Trustee has articulated a valid business justification for the proposed transaction. This is consistent with "the broad authority to operate the business of the debtor ... [which] indicates congressional intent to limit court involvement in business decision made in good faith by a Debtor". In re Airlift Int'l Inc., 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982).

13. Pursuant to section 363(f) of the Bankruptcy Code, the Trustee may sell the Entire Property free and clear of any and all liens, claims encumbrances and interests if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. Pursuant to section 363(f) and the Terms & Conditions, the sale of the Entire Property is free and clear of any and all liens, claims, encumbrances and interests, other than with a few limited exceptions set forth in the Contract of Sale involving non-monetary encumbrances. The Purchase Price is greater than the amount of liens on the Entire Property, therefore, the sale of the Entire Property free and clear of any liens, claims and encumbrances is authorized by section 363(f) of the Bankruptcy Code.

14. The Trustee believes that an immediate sale of the Property is in the best interests of the estate for numerous reasons. The taxes are not being paid and interest continues to accrue.

The Trustee believes that the sale to Purchaser or to any other person that makes a higher and better offer at the Sale Hearing represents the highest and best value that can reasonably be obtained for the estate from the Property.

## HIGHER OFFERS

15. The sale is subject to the approval of the Bankruptcy Court and to higher and better offers to be made in the Bankruptcy Court at the Sale Hearing. The Trustee believes that unless a higher offer is submitted, completion of sale pursuant to the Terms & Conditions will be in the best interest of the estate. Nevertheless, the Trustee will welcome any higher and better offers at the Sale Hearing, with the first offer to be not less than $4,600,000. The Trustee requests that the Court require any offerors tendering a higher offer to sign at the Sale Hearing terms and conditions similar to the Terms & Conditions, as well as any other terms and conditions that shall be announced at the Sale Hearing.

## NOTICE OF RELIEF REQUESTED

16. The Trustee intends to serve a copy of this motion and the Application together with exhibits thereto on the U.S. Trustee, counsel to the Purchaser, counsel to Preston, counsel to the Serpico Family Parties, all creditors and parties in interest, all parties asserting a lien on the Property, and any person who has filed a Notice of Appearance. The Trustee submits that the foregoing notice complies with the Bankruptcy Code and Rules and is good and sufficient notice of the sale and relief requested in this Application. A proposed order approving the sale and granting related relief is annexed as Exhibit B.

**WHEREFORE**, the Debtor requests entry of and order approving the Terms & Conditions, authorizing the Trustee to sell the Entire Property, and for such other and different relief that may be just

and proper.

Dated:   Brooklyn, New York
         July 18, 2017

ROSENBERG, MUSSO & WEINER, LLP
Attorneys for Debtor

By: _____
         Bruce Weiner
         26 Court Street, Suite 2211
         Brooklyn, New York 11242
         (718) 855-6840